1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8

DIMITAR K. DERMENDZIEV ,

9                  Petitioner,

CASE NO. 2:21-cv-00529-RSM-BAT

10     v.

**REPORT AND
RECOMMENDATION**

11

WASHINGTON COURT OF APPEALS,

12                Respondent.

13
14
15
16
17
18
19
20

Before the Court is Petitioner's second federal habeas petition arising from his 2009 conviction and sentence for four counts of Child Molestation in Whatcom County Superior Court case number 08-1-00392-5. Dkt. 4. (*See also Dermendziev v. Uttecht*, 13-236-JCC) (first petition). Petitioner has not obtained permission from the Court of Appeals for the Ninth Circuit to file this second habeas petition. Accordingly, the Court recommends the present habeas petition be referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a).

21

**DISCUSSION**

22
23

As grounds for relief, the present habeas petition asserts:

I'm no longer appealing the length of the sentence. Was finalized during 2014-15 Direct Appeal pro se. I'm appealing now the

REPORT AND RECOMMENDATION - 1

Denial by the State Courts of my 4-8-2019 Writ of Habeas Corpus
converted by the State Supreme Court as PRP No. 99473-1 and
now Court of Appeals No. 81319-6-1.

Dkt. 1 at 6. In support of this claim, Petitioner attached a copy of the Washington Supreme

Court's Ruling Denying Review. *Id.* Exhibit 1 (Attached to petition). The Washington Supreme

Court found the state court of appeals had not erred in dismissing Petitioner's appeal as untimely

and that Petitioner's unsupported assertions that the Department of Corrections was bombarding

him with electromagnetic radiation causing various maladies, and his bald claims he was being

tortured to death were not grounds to grant review of the untimely appeal. *Id.* at 4.

This Court's records establish Petitioner previously filed a federal habeas petition

challenging his conviction in Whatcom County case number in *Dermendziev v. Uttecht*, 13-236-

JCC. The first habeas petition was dismissed in December 2013. *Id.* at Dkt. 53-54. Petitioner

appealed the dismissal to the Court of Appeals for the Ninth Circuit. *Id.* at Dkt. 55. On March 17,

2014, the Court of Appeals issued an order denying issuance of a certificate of appealability, thus

terminating review of the first habeas petition. *Id.* at Dkt. 57.

Under 28 U.S.C. § 2244(b)(1), the Court must dismiss any claim which was presented in

a prior habeas petition. A claim in a second or successive petition must be dismissed even if not

presented in a prior habeas petition, unless the claim rests on new law, new evidence, or

Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of

the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

These requirements flow from the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA).  The AEDPA "established a stringent set of procedures that a prisoner 'in custody

pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a

'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)."

*Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153; *see also Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam) (Filing a motion in the court of appeals and obtaining permission to file a second habeas petition is a jurisdictional requirement). Here there is nothing showing Petitioner has sought or obtained such permission.

The phrase "second or successive" is a term of art derived from the "abuse-of-the-writ" doctrine developed prior to enactment of the current language set forth in 28 U.S.C. § 2244. *Hill v. State of Alaska*, 297 F.3d 895, 897–898 (9th Cir.2002). The Petitioner in *Hill* had filed a habeas petition attacking his conviction and sentence. In *Hill*, the Court observed a second habeas petition is not automatically barred as second or successive. Rather a Court should consider whether the prisoner had an opportunity to raise his or her claims in the first petition.

Here, the Court dismissed Petitioner's first habeas petition with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. *See Dermendziev v. Uttecht*,

13-236-JCC. (Order of Dismissal with Prejudice and Judgment) Dkt 53-54. The first habeas petition raised four grounds for relief:  prosecutorial misconduct, ineffective assistance of counsel, the trial court abused its discretion and personal immunity from prosecution. The present habeas petition avers it does not challenge Petitioner's conviction and sentence but challenges the Washington Court of Appeals' dismissal of an appeal deemed untimely, and the Washington State Supreme Court Order Denying Review. The present allegations differ from those raised in the first habeas petition, but that difference is not grounds that confers upon this Court the jurisdiction to address and adjudicate the present habeas petition.

First, as noted above, Petitioner has not requested or obtained permission to proceed with this second habeas petition. And second, a federal habeas petition is not the proper legal vehicle to pursue the grounds for relief sought here. A federal habeas petition is the legal vehicle to challenge the confinement of a petitioner. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (citation omitted) ("the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application of interpretation' of relevant law.").  Here Petitioner avers he is not challenging his conviction and sentence; the relief Petitioner seeks is thus not habeas relief.

 The Court also notes the relief Plaintiff does seek —an appeal— of the state appellate courts' dismissal of an untimely state appeal and a finding Petitioner presented unsupported claims related to the conditions of confinement is not relief this Court can grant. "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003). The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction "to review the final determinations of a state court in judicial proceedings." *Doe & Assocs. Law Offices v.*

1  *Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) (*citing Branson v. Nott*, 62 F.3d 287, 291 (9th

2  Cir. 1995), overruled on other grounds by *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856

3  F.3d 696, 710 (9th Cir. 2017)) (other citations omitted).

4        The Court accordingly recommends the present habeas petition be referred to the Ninth

5  Circuit for consideration as an application for leave to file a second or successive petition for

6  writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file

7  a second or successive 28 U.S.C. § 2254 petition . . . in the district court must file an application

8  in the court of appeals demonstrating entitlement to such leave under section[ ] 2254.").

9        The Court further recommends leave to amend be denied as futile. If Petitioner seeks

10  habeas corpus relief, no amendment could alter the fact that the present petition is a second or

11  successive petition, and that Petitioner has not been granted leave to file the present petition. If

12  Petitioner seeks to recharacterize his habeas petition as an "appeal" or a request that this Court

13  reverse the State Court of Appeals and the Washington State Supreme Court, that appeal and

14  request is foreclosed by the *Rooker-Feldman* doctrine.

15  **OBJECTIONS AND APPEAL**

16        This Report and Recommendation is not an appealable order. Therefore, Petitioner

17  should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit

18  should not be filed until the assigned District Judge enters a final order in the case.

19  /

20  /

21  /

22  /

23  /

Objections, limited to 8 pages, may be filed no later than **May 6, 2021.**  The Clerk should note the matter for **May 7, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 22nd day of April 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge